**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV115-1-V
5:03CR12-2-V**

| | |
|---|---|
| ERIC BERNARD SMITH, ) | |
| ) | |
| Petitioner, ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No.1), filed October 15, 2007; and Respondent's Motion for Summary Judgment (Doc. No. 9), filed March 5, 2008.

For the reasons set forth below, the Court will grant Respondent's Motion for Summary Judgment and dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

**PROCEDURAL HISTORY**

On February 25, 2003, Petitioner was charged in Count One of a sixteen count indictment with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. More specifically, Count One alleged that the conspiracy involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine and fifty or more grams of a mixture or substance containing a detectable amount of cocaine base. Petitioner was also charged in Count Three with knowingly and unlawfully possessing with intent to distribute a quantity of cocaine base in violation

of 21 U.S.C. § 841.

On February 27, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851 setting forth seven prior convictions for felony drug offenses. Four of these convictions became final on June 3, 1996, and three of the convictions became final on October 1, 1997. On April 28, 2004, the Government filed an Amended Information pursuant to 21 U.S.C. § 851 again listing seven prior drug felonies.

Beginning May 4, 2004, Petitioner's case was tried before a jury. Following the Government's case, Petitioner's counsel moved for judgment of acquittal arguing that the drug transactions about which the Government's witnesses testified did not "rise to the grand conspiracy alleged in the Indictment" and, with respect to the distribution requirement, the five grams of crack found in Petitioners car on October 19, 2001, was not a sufficient quantity from which an intent to distribute could be inferred. This Court denied the Motion for Judgment of Acquittal. Petitioner did not present any evidence and, on May 10, 2004, the jury returned a verdict finding Petitioner guilty of both charges.

On January 10, 2005, this Court sentenced Petitioner to life imprisonment on the conspiracy charge and 360 months imprisonment on the possession with intent to distribute charge. Judgment was entered on February 3, 2005. Meanwhile Petitioner had filed a Notice of Appeal on January 11, 2005. On June 13, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction in a published case. United States v. Smith, 451 F.3d 209 (4th Cir. 2006). On October 2, 2006, the Supreme Court denied Petitioner's petition for writ of certiorari.

On October 15, 2007, Petitioner filed the instant Motion to Vacate.[1] In his motion, Petitioner alleges that his trial counsel was ineffective. More specifically, Petitioner alleges that his counsel was ineffective because he failed to cross-examine government witnesses on the issue of the conspiracy. In addition, Petitioner alleges that his trial counsel failed to question co-conspirators about the reductions in their sentences that they hoped to receive as a result of their testimony. Finally Petitioner alleges there were various other "serious problems with the trial."

## ANALYSIS

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

---

[1] The Government argues that Petitioner's Motion to Vacate is untimely filed. As this Court has determined that Petitioner's Motion to Vacate is clearly meritless, this Court declines to address the issue of timeliness.

3

Petitioner alleges that his counsel was ineffective because he failed to cross-examine government witnesses with regard to general drug activity versus the existence of a conspiracy. (Doc. No. 1 at p. 4.) Petitioner asserts that his trial counsel should have asked the government witnesses about "other factors that would indicate a conspiracy as opposed to a mere series of buys and sales, such as whether the alleged co-conspirators shared an interest in the redistribution of the narcotics, whether the transactions were standardized in any way, or whether there was a mutual trust between the buyer and seller." (Doc. No. 1 at p. 4.) The only witness Petitioner specifically identifies with regard to this claim is Camron Pope ("Pope"). Petitioner, however, provides no evidence to support a conclusion that any questions on this topic, if asked of Pope or any other witness, would have led to evidence that would lead this Court to conclude that a reasonable probability exists that but for such error the outcome of the trial would have been different. A habeas claim cannot be based solely upon speculation or conjecture. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Consequently, Petitioner has not carried his burden and this claim is dismissed.

Moreover, the Court notes that in affirming Petitioner's conviction, the Fourth Circuit stated that "the prosecution presented extensive evidence of [Petitioner's] involvement in a long-running drug business centered in "The Hill" neighborhood . . . . United States v. Smith, 451 F.3d 209, 214 (4th Cir. 2006). Indeed, the Fourth Circuit held that "the evidence was more than sufficient to permit the jury to conclude that the

illegal activities of the conspirators constituted a single conspiracy rather than separate, multiple conspiracies." Id. at 218. In so holding, the Fourth Circuit noted that the trial evidence that the drug distribution ring at issue involved the same core participants, over the same time period and that these conspirators were shown to have shared the same objectives and methods. Id. In addition, the Fourth Circuit noted that "the overall strength of the prosecution's case was undeniable: there was ample evidence – from multiple witnesses – that [Petitioner] was actively involved in the illegal drug business in The Hill neighborhood of Hickory buying and selling drugs with his co-conspirators during the period of Count One of the conspiracy. In addition, the evidence of his drug activity was corroborated by law officers . . . ." Id. at 222. The lack of any specificity in Petitioner's claim coupled with the strength of the prosecution's case, as recognized by the Fourth Circuit, supports this Court's conclusion that, at a minimum, Petitioner was not prejudiced by his counsel's failure to ask unspecified questions about factors indicating a buy-sell relationship versus a conspiracy.

Petitioner also alleges that his counsel was ineffective because he failed to question any of the Government witnesses with regard to their testifying in hopes of receiving a reduced sentence. (Doc. No. 1 at p. 4.) Petitioner does not elaborate on this assertion. A review of the trial transcript reveals that most, if not all, co-conspirators were cross-examined regarding the potential for a reduced sentence as a result of their plea agreements with the Government. (Trial Tr. 5/5/2004: 173-76; 201-05; 218-221; 252-55; 288-89; 309); (Trial Tr. 5/6/2004: 590; 598-99); (Trial Tr. 5/7/2004: 693-99; 741-44). Moreover, the prosecution also raised the issue of potential sentence reduction with each co-conspirator witness. (Trial Tr. 5/4/2004: 150-

5

52); (Trial Tr. 5/5/2004: 198-201; 243-45; 283-84); (Trial Tr. 5/6/2004 582-83; 605); (Trial Tr. 5/7/2004: 691; 735-39; 779-81.)  As the matter of the possibility of co-conspirator witness' receiving a reduced sentence based upon their testimony against Petitioner was raised with regard to each such witness, Petitioner's counsel was not ineffective nor was Petitioner prejudiced.

Petitioner goes on to assert that his trial counsel "failed to make any cross-examination at all of any of the witnesses whose testimony" led to his life sentence. (Doc. No. 1 at p. 5.)  Again, a review of the trial transcript reveals the that all but a couple of the numerous government witness were thoroughly cross-examined.  As such, Petitioner's claim of ineffective assistance of counsel based upon this allegation is completely baseless and is dismissed.

Petitioner concludes his Motion to Vacate by asserting that "[t]here were other serious problems with trial as well. " (Doc. No. 1 at pp. 5-6.)   In support of this assertion, Petitioner references the drug evidence destroyed by the police; the juror who stated during voir dire that she thought she could not be unbiased; and the joinder of Petitioner and his co-defendant for trial.  (Doc. No. 1 at pp. 5-6.)  Each of these issues was raised on direct appeal and specifically denied by the Fourth Circuit.  United States v. Smith, 451 F.3d at 218-222.  Petitioner does not assert these conclusory claims in the context of ineffective assistance of counsel.  The fact that these issues were raised and decided on direct appeal  precludes this Court's review of these claims.  See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)(issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action).  These claims are dismissed.

**CONCLUSION**

A review of the record reveals that Petitioner's trial counsel vigorously represented Petitioner during his criminal proceedings. However, the overwhelming evidence against Petitioner resulted in his ultimate conviction. Moreover, the Court notes that the Sixth Amendment does not mandate that a defendant receive a perfect trial, but merely one which is free from constitutional error. See United States v. Hasting, 461 U.S. 499, 508-09 (1983)("taking into account reality of the human fallibility of the participants, there can be no such thing as an error-free, perfect trial, . . . and the Constitution does not guarantee such a trial.") and Delaware v. Van Ardsall, 475 U.S. 673, 681 (1986)(noting that a criminal defendant is entitled to a "fair trial, not a perfect one.").

**THEREFORE, IT IS HEREBY ORDERED** that :

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: February 26, 2009

Richard L. Voorhees
United States District Judge